[No. 2243. Decided November 30, 1896.]

GUSTAVE MELBYE, *Appellant*, v. OSKAR MELBYE, *Respondent*.

CHATTEL MORTGAGES — FRAUD AS TO CREDITOR — IN PARI DELICTO.

In an action to foreclose a chattel mortgage given without consideration and for the purpose of hindering and defrauding creditors, the court is warranted in finding that the parties are not *in pari delicto*, and that the mortgagor is entitled to a cancellation of the

mortgage, when it appears that the parties were brothers born in Norway, that the mortgagee had resided in this country a great many years, was well educated, understood the English language and had had large experience in business affairs; that the mortgagor had resided here a much shorter time, had an imperfect understanding of the English language and of business matters, had always relied upon his more experienced brother, and had confidence in his honesty, integrity and business ability; and that the mortgagor had been unduly influenced and imposed on by the mortgagee as to the necessity for executing such an instrument, but that no fraud had been practiced, attempted or intended against his creditors.

Appeal from Superior Court, Skagit County. — Hon. HENRY McBRIDE, Judge. Affirmed.

*Million & Houser*, for appellant.

*Carr & Preston*, and *W. R. Bell*, for respondent:

It is well settled that when the parties are not equally guilty, or when the public interest is advanced by allowing the more excusable of the two to sue for relief, the court will aid the injured party by setting aside the contract and restoring him, so far as possible, to his original position. *Duval v. Wellman*, 124 N. Y. 156; *Foley v. Greene*, 14 R. I. 618 (51 Am. Rep. 419); *Reynell v. Sprye*, 1 DeG., M. & G. 660; *Hess v. Culver*, 77 Mich. 598 (18 Am. Rep. 421); Beach, Modern Equity Jurisprudence, § 80; *Rozell v. Vansyckle*, 11 Wash. 79.

The opinion of the court was delivered by

SCOTT, J.—The complaint in this action was in the ordinary form to foreclose a chattel mortgage and to recover upon a promissory note for $500, which the mortgage was given to secure. The answer admitted the execution of the note and mortgage, but alleged a want of consideration; and by way of a cross-complaint the defendant alleged that, on the same day

but prior to the execution of the note and mortgage aforesaid, the defendant had given the plaintiff another note for $478, secured also by a chattel mortgage upon the same property. It was conceded that this mortgage was valid. It appears that the defendant at that time was engaged in the mercantile business and one of his creditors was pressing him for payment of a debt due, and he obtained the money for which the last mentioned note and mortgage were given for the purpose of discharging it. It is further alleged in substance that thereafter on said day the plaintiff represented to the defendant that he was in danger of being prosecuted by other creditors, and he advised the defendant to give him another note and a mortgage upon the same property for the purpose of protecting him against such creditors, and agreed that he would never undertake to enforce the same and would surrender it to him when his other creditors were paid, or he was relieved from danger of being proceeded against by them. The court afterwards permitted the answer to be amended upon the trial, to set up in substance that thereafter, upon like representations, the defendant also executed to the plaintiff two real estate mortgages upon lands in Skagit county. The payment of a certain sum on the note secured by the mortgage admitted to have been given for a valuable consideration was pleaded, and also a tender of a sufficient sum to discharge the same; and the defendant asked that all of such mortgages be canceled. Judgment was rendered in favor of the defendant upon his cross-complaint, and the plaintiff has appealed.

It is contended that the court had no authority to grant the defendant any affirmative relief; not on the ground that such relief could not be granted in the

action pending, as having no sufficient relation there-
to, but on the ground that the proof did not support
the findings and that the testimony showed that the
defendant had given the chattel mortgage sought to
be foreclosed and the real estate mortgages for the
purpose of covering up his property and defrauding
his creditors; that the parties were *in pari delicto*, and
that, under this view of the case, the most the court
could have done was to have dismissed the plaintiff's
complaint.

It appears from the testimony that the parties were
brothers, and that they were born in Norway; that
plaintiff had resided in this country for a great many
years and was well educated, understood the English
language and had had large experience in business
affairs; while the defendant had resided here for
a much shorter time and had a very limited ed-
ucation and an imperfect understanding of the
English language and of business matters, and that
he had always relied upon his brother, the plaintiff,
and had confidence in his honesty, integrity and busi-
ness ability. And, while the general rule contended
for by appellant is conceded, it is contended that this
case does not fall within it, as the parties were not
equal in guilt, and the defendant is the more excusable
of the two, if found to have been consciously guilty at all,
and that the law will not deny him relief against the
one who unduly influenced and imposed upon him
and was principally responsible for the fraudulent
undertaking. This limitation of the rule is well estab-
lished by the authorities, and has been directly recog-
nized by this court in the case of *Rozell v. Van Syckle*,
11 Wash. 79 (39 Pac. 270). It does not appear that
there was any intention on the part of the defendant
to defraud his creditors. The only money that he

obtained from his brother was obtained for the purpose of paying one of them, and was used for that purpose. There was no evidence to show that any of his other creditors were pressing him for payment, and the court was warranted in finding that he was induced to give the mortgages upon the representations, influence and advice of the plaintiff; and there was sufficient proof to support the other findings. Affirmed.

DUNBAR, ANDERS, and GORDON, JJ., concur.